UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-24903-CIV-MARTINEZ/LOUIS

TYRONE ANDERSON,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon Movant Tyrone Anderson's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 1). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Jose E. Martinez, United States District Judge, for a Report and Recommendation (ECF No. 2).

Anderson's Motion challenges his conviction, arguing a due process violation based on a recent Supreme Court case, *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), which held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Anderson argues that his indictment was fatally defective because it did not allege the requisite knowledge elements for the charge brought against him – that he knew he possessed a firearm and ammunition, and that he knew he was a convicted

1

felon barred from possessing a firearm.

Upon consideration of the briefing and the record, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that Anderson's Motion be **DENIED**.

## I.     BACKGROUND

### A. Offense Facts

On August 21, 2015, a Miami-Dade police officer observed a Chevy Monte Carlo driving with expired temporary tags (CRDE No. 14 at 1).[1] After the officer stopped the Monte Carlo, he observed the passenger, identified as Movant, moving around in his seat (*id.*). When the officer approached the Monte Carlo, he smelled a strong odor of marijuana (*id.*). He ordered Movant to show his hands and observed loose marijuana on Movant's palms (*id.*).

The officer placed Movant under arrest and, upon conducting a search incident to arrest, discovered that Movant had a 9mm semi-automatic firearm, loaded with 10 rounds of ammunition, tucked into his waistband (*id.* at 2). The firearm and ammunition had traveled in interstate commerce (*id.*). Movant waived his *Miranda* rights and stated that he was carrying the firearm for his protection and that he had shot it many times in his backyard to test it (*id.*). At the time he possessed the firearm, Movant admitted he had previously been convicted of a felony (*id.*).

### B. Procedural Background

A federal grand jury in the Southern District of Florida returned an indictment charging Movant with one count of possession of a firearm and ammunition, having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (CRDE No. 6). Movant

---

[1] Citations to pleadings in this habeas proceeding will be referred to as "ECF No." followed by the appropriate docket entry number, while docket entries in Case No. 15-CR-20694-MARTINEZ, Anderson's underlying federal criminal case, will be referred by "CRDE No." followed by the appropriate docket entry number. Facts herein are drawn from the stipulated factual proffer that Anderson executed in connection with entry of his guilty plea.

2

pleaded guilty to this count (CRDE No. 13, 48 at 14) pursuant to a written plea agreement (CRDE No. 15). Movant also signed a factual proffer, which admitted the above stated facts regarding his arrest on August 21, 2015, and his status as a convicted felon at that time (CRDE No. 14).

Prior to sentencing, a presentence investigation report ("PSI") was prepared, which recommended that Movant be sentenced as an armed career criminal based on two prior felony convictions for a serious drug offense and one prior conviction for a violent felony, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). As an armed career criminal, Movant was subject to a mandatory minimum sentence of 15 years, pursuant to 18 U.S.C. § 924(e)(1). Anderson filed objections to the PSI challenging his classification of a career criminal (CRDE 35). The Court overruled the objections and sentenced Anderson to the mandatory minimum of 180 months' imprisonment (CRDE 37).

Anderson appealed the sentence to the Eleventh Circuit Court of Appeals, arguing that the district court improperly found he had three prior convictions that qualified as predicates for the ACCA enhancement, and that his constitutional rights were violated because the predicate convictions were neither charged in the indictment nor admitted by him (CRDE No. 38). The Eleventh Circuit affirmed Anderson's sentence finding that the prior convictions qualified as ACCA predicates and that the government need not charge the ACCA predicates in an indictment (CRDE No. 52). Movant then appealed to the United States Supreme Court, which denied his petition for writ of certiorari on February 25, 2019 (CRDE No. 53), and in turn, finalized his judgment.[2]

Movant timely filed his § 2255 Motion on November 26, 2019. In this collateral attack,

---

[2] "Here, the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003).

Anderson challenges the sufficiency of the indictment to which he plead guilty, for it did not allege that he had knowledge of his status as a convicted felon at the time of his arrest (ECF No. 1). After the entry of an Order to Show Cause (ECF No. 5), Respondent filed its Response in opposition (ECF No. 9). Movant did not file a reply but did subsequently file a motion and a notice, both of which reiterate his argument that his conviction violates due process and *Rehaif* requires that his sentence be vacated (ECF Nos. 11, 12).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166(1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

### A. Procedural Default

"A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam) (citing *Reed v. Farley*, 512 U.S. 339,

354 (1994); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule." *Id.* "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* (citing, *inter alia*, *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Under the second exception, the defendant must show that he is "actually innocent." *Id.* at 1234-35 (citing cases). "The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citing *Murray v. Carrier*, 477 U.S. 478, 488(1986)). A movant may show cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984).

In *Rehaif*, the Supreme Court held that, in a prosecution for possession of a firearm by a restricted person in violation of 18 U.S.C. § 922(g), the government must prove both that the defendant knew he possessed the firearm and that he knew he belonged to the relevant category of restricted persons, convicted felons. *Rehaif*, 139 S. Ct. at 2200. Although the indictment did not allege that Anderson was aware of his status as a convicted felon, Anderson did not preserve an objection that he lacked knowledge of his status either at the trial level or on direct appeal.

Claims not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Anderson, therefore, procedurally defaulted his claim when he did not raise the knowledge-of-status issue both at trial and on direct appeal.[3]

---

[3] Though not raised in his initial Motion to Vacate (ECF No. 1), Movant also appears to argue through his subsequent motions that he received ineffective assistance of counsel based on counsel's failure to raise and preserve the *Rehaif* defects (ECF Nos. 11, 12). Though this argument is not clearly pled, it is clearly procedurally defaulted, as it was raised for the first time after Anderson had already submitted his Motion to Vacate. *See Claritt v. Kemp*, 336 F. App'x 869, 869 (11th Cir. 2009) (upholding district court's finding that movant's claim of ineffective assistance of counsel in his § 2254 petition was procedurally defaulted).

*See Wainwright*, 433 U.S. at 85-86 (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted).

### B. Anderson Cannot Establish Cause and Actual Prejudice

One way to overcome the procedural-default defense, is by showing both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error. *Bousley*, 523 U.S. at 622 (citations omitted). Based on Anderson's Motion, it would appear that Anderson's proffered basis for this argument not previously being raised is based on the idea that a "claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Id*. at 622-623 (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

However, the question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception. *See Dawkins v. United States,* No. 17-80095-CR, 2020 WL 4936978, at *3 (S.D. Fla. Aug. 24, 2020) ("Movant's *Rehaif* claim is not novel because the issue it presents was repeatedly and thoroughly litigated in the courts of appeals for decade") (citing *Bousley*, 523 U.S. at 622); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (*Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g)"); *see also Rehaif*, 139 S. Ct. at 2199 (observing that, even "[p]rior to 1986 . . . there was no definitive judicial consensus that knowledge of status was not needed").

Even if Movant's *Rehaif* claim were novel, he cannot establish prejudice. To demonstrate prejudice, the Petitioner "must shoulder the burden of showing, not merely that the errors at his

6

trial [or sentencing] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) (citation omitted). Thus, the Petitioner must show that there is a reasonable probability that, but for the error, his sentence would have been different. *See Mincey v. Head*, 206 F.3d 1106, 1147 (11th Cir. 2000). Here, Anderson pled guilty to the charge against him, and while the *mens rea* elements may have been excluded from the indictment in error, they were clearly explained to Anderson at his change of plea hearing:

> MR. EMERY: Yes. The defendant is pleading guilty to the sole count in the indictment which is a violation of 18 USC, Section 922 (g)(1). The offense has three elements. First, that the defendant knowingly possessed a firearm and ammunition. Second, that the firearm and ammunition, as charged, traveled in or affected interstate commerce. And third, that before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of -- with the maximum punishable term of imprisonment of at least one year in prison, that is a felony offense.
>
> THE COURT: All right. You heard what the government said. Is that what you believe you're pleading guilty to?
>
> THE DEFENDANT: Yes, sir.

(CRDE No. 48 at 8:10-22). Thus, it cannot be shown that but for the error, Anderson's sentence would have been different. He clearly had knowledge of all elements of the claim to which he pled guilty, demonstrating the error had no effect on his plea and the resulting sentence.[4]

### C. Anderson Cannot Establish Actual Innocence

A defaulted claim may still be heard upon collateral review if movant "can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is

---

[4] For these same reasons, Movant cannot succeed on his argument regarding ineffective assistance of counsel, which is premised on the idea that counsel failed to advise him of all elements of the claim or raise issue with indictment that failed to include all elements of the claim.

7

actually innocent." *Bousley*, 523 U.S. at 623 (citation omitted).[5] "For purposes of the 'actual innocence' exception to a procedural bar, the petitioner must show 'factual innocence, not mere legal insufficiency.'" *Justo v. Culliver*, 317 F. App'x 878, 880 (11th Cir. 2008) (citing *Bousley*, 523 U.S. at 623) (holding that the indictment defect raised by defendant did not affect the court's subject-matter jurisdiction, and "raised no reasonable doubt" about defendant's "commission of the offense to which he pleaded guilty").

Anderson's argument that he is actually innocent under *Rehaif* because it was not proven that he knew of his status as a convicted felon fails for numerous reasons. First, *Rehaif* extended the *mens rea* requirement to defendant's *status*, not his conduct; therefore, when Anderson pleaded guilty, 18 U.S.C. § 922(g) already required the Government to prove the defendant knowingly possessed a firearm. Second, even if the Court intended to establish a new *mens rea* requirement, *Rehaif* does not apply retroactively to cases on collateral review. *See Durham*, 2019 WL 5653858, at *8 (finding the movant's supplemental claim of actual innocence in light of *Rehaif* to be without merit because it does not apply retroactively).

And lastly, *Rehaif* merely requires the defendant know he was in possession of a firearm and is a member of a restricted group. On the same day that Movant entered into a guilty plea, he also signed a factual proffer, which acknowledged that Movant had a firearm and ammunition in his possession when he was stopped by police officers on August 21, 2015, and further acknowledged that prior to August 21, 2015, Movant had been convicted of a crime punishable by imprisonment for a term exceeding one year (CRDE No. 14). Movant's challenges may raise legal

---

[5] Plaintiff does not raise an "actual innocence" argument in his Motion to Vacate (ECF No. 1), but in his supplementary motion (ECF No. 12), he seems to contend, albeit without any clear basis for support, that he is "actually innocent" on account of the *Rehaif* defects, and pursuant to his protection under the Thirteenth Amendment – arguing he should not have been charged and imprisoned under a defective indictment and his imprisonment thus constitutes a Thirteenth Amendment violation.

insufficiencies, but they in no way demonstrate factual innocence or entitlement to relief.[6] *See United States v. Sanders*, No. 4:14CR81-RH-CAS, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020) ("A *Rehaif* error, without more, does not establish actual innocence.") (citing *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)).

### III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Anderson's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 1) be **DENIED.**

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and recommendation to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file objections by that date shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers this on this 8th day of September, 2020.

LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Likewise, to the extent Anderson's Thirteenth Amendment argument is proffered to show Movant's "actual innocence," it fails as unsupported allegations of legal insufficiencies. It does not provide any new evidence that demonstrates factual innocence, or that casts doubt as to Movant's commission of the crime.